UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TIMOTHY R. DEFOGGI,** | Civil Action No. 23-956 (KMW) |
| Petitioner, | |
| v. | **MEMORANDUM ORDER** |
| **STEVIE KNIGHT,** | |
| Respondent. | |

This matter comes before the Court on Petitioner Timothy DeFoggi's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 7). By way of background, at the time he filed his petition, Petitioner was a federal prisoner confined at FCI Fort Dix who had been denied release to a halfway house based on his crime of conviction. (*See* ECF No. 1.) Through his petition, Petitioner sought to be declared eligible for and to ultimately receive release into a halfway house or home confinement for the last few months of his term of imprisonment. (*Id.*)

In its response to Petitioner's habeas petition, the Government filed a letter in which it informs the Court that Petitioner was released into a halfway house facility on April 5, 2023. (ECF No. 7 at 1-2.) As such, the Government contends that this matter has become moot as Petitioner has received the relief he sought and no longer has a concrete injury sufficient to continue with this matter. (*Id.*) Petitioner, too, has informed the Court of his release into a halfway house, which Petitioner acknowledges warrants a request to have this matter dismissed as moot. (*See* ECF No. 7.) Indeed, Petitioner has declined to oppose such a request. (*Id.*)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1,

1

7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, where events provide a petitioner with the relief he sought and render a habeas petition incapable of providing meaningful relief, that petition must be dismissed as moot. *See, e..g., Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009); *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012); *Sanchez v. Att'y Gen.*, 146 F. App'x 547, 549 (3d Cir. 2005).

In this matter, Petitioner sought only to be released into a halfway house or home confinement for the remaining few months of his sentence. As Petitioner himself acknowledges, he received that very benefit in early April, and thus no longer has a concrete, redressable injury. Likewise, as Petitioner has received the ultimate relief he sought, this Court no longer has any meaningful opportunity to provide Petitioner with relief. His petition is therefore moot, and shall be dismissed as such. Petitioner's outstanding motion seeking summary judgment (ECF No. 3) shall likewise be denied as moot in light of the dismissal of the petition.

**IT IS THEREFORE** on this **4th** day of **May**, 2023,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot; and it is further

**ORDERED** that Petitioner's motion seeking summary judgment (ECF No. 3) is **DENIED** as moot in light of the dismissal of his petition; and it is finally

3

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail at his last known address, and shall **CLOSE** the file.

                                                Hon. Karen M. Williams,
                                                United States District Judge